Donald S. Edgar, Esq. (SB# 139324)
Rex Grady, Esq. (SB# 232236)
**EDGAR LAW FIRM**
408 College Avenue
Santa Rosa, CA  95401
Tel: (707) 545-3200 / Fax: (707) 578-3040
don@classattorneys.com
jrg@classattorneys.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS CHOATE, et al.,<br><br>              Plaintiffs,<br><br>       v.<br><br>PFIZER, INC., et al.,<br><br>              Defendants. | Case No. 2:14-cv-01896-CJC-JPR<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DONALD S. EDGAR IN SUPPORT THEREOF; AND [PROPOSED] ORDER**<br><br>Judge:   Hon. Cormac J. Carney<br>Date:    April 28, 2014<br>Time:    1:30 p.m.<br>Crtrm.:  9B – Santa Ana |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 24, 2014, at 1:30 P.M., or as soon thereafter as the matter can be heard at the United States District Court for the Central District of California, Plaintiff Doris Choate, and all other Plaintiffs who join in her Complaint ("Plaintiffs") will and hereby do move for a remand of this case to the Superior Court of State of California, Los Angeles County. This motion is made on the

PLAINTIFFS' MOTION TO REMAND

grounds that a remand is necessary and appropriate to achieve judicial fairness and economy, and the Court lacks subject matter jurisdiction as Defendant's removal based on CAFA was improper and diversity jurisdiction does not exist.

This motion is made following conference of counsel pursuant to L.R. 7-3, which took place on March 17, 2014.

This motion is based on this Notice of Motion and Motion to Remand; Memorandum of Points and Authorities; Declaration of Donald S. Edgar in Support Thereof, along with the exhibits attached thereto, all filed herewith, matters that may be judicially noticed, and any oral or documentary evidence that may be presented in the hearing on this matter.

DATED: March 24, 2014 Respectfully submitted,

**EDGAR LAW FIRM**

By: s/ Donald S. Edgar
Donald S. Edgar
Rex Grady
408 College Avenue
Santa Rosa, CA 95401
Tel: (707) 545-3200 / Fax: (707) 578-3040
don@classattorneys.com
jrg@classattorneys.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION TO REMAND

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   SUMMARY OF THE ARGUMENT.....................................................................1

III.  ARGUMENT .........................................................................................................4

    A.    THE REMOVAL STATUTE IS TO BE STRICTLY CONSTRUED AGAINST REMOVAL. ...................................................4

    B.    THERE IS NO BASIS FOR REMOVAL OF THIS CASE UNDER CAFA. ....................................................................................4

        1.    CAFA Does Not Preclude Plaintiffs from Coordinating Actions in State Courts. ...................................................................4

        2.    CAFA Requires a "Joint Trial" Proposal for Mass Actions and More Than One Hundred Plaintiffs. .....................................6

        3.    Pfizer's Reliance on Seventh and Eighth Circuit Law Lacks Merit. ............................................................................................7

    C.    DIVERSITY JURISDICTION DOES NOT EXIST IN THIS CASE...............................................................................................10

        1.    Pfizer bears a heavy burden to establish fraudulent joinder, which it fails to meet......................................................10

        2.    Plaintiffs' Claims Against McKesson Are Not Preempted........12

        3.    Plaintiffs Have Pled Sufficient Facts to Support Their Claims Against McKesson. .......................................................15

        4.    Plaintiffs' Claims Are Not Fraudulently Misjoined ...................18

        5.    The Forum Defendant Rule Precludes Removal of this Case.......................................................................................19

IV.   CONCLUSION ...................................................................................................21

# TABLE OF AUTHORITIES

## CASES

*A.S. v. Pfizer, Inc.*
    No. 1:13-cv-00524, 2013 WL 2384320 (E.D. Cal., May 30, 2013) .............14

*Abrego v. Dow Chem. Co.,*
    443 F.3d 676 (9th Cir. 2006)................................................................4

*Anderson v. Bayer,*
    610 F.3d 390 (7th Cir. 2010)................................................................7

*Anderson v. Owens-Corning Fiberglass Corp.,*
    810 P.2d 549 (1991)...........................................................................12

*Atwell v. Boston Scientific Corp.,*
    740 F.3d 1160 (8th Cir. 2013)..........................................................7, 8

*Bailey v. Northern Trust Co.,*
    196 F.R.D. 513 (N.D. Ill. 2000) .........................................................19

*Bartal v. Astrazeneca Pharms. LP,*
    2012 U.S. Dist. LEXIS 109215 (N.D. Cal. August 3, 2012)...................11-12

*Black v. Merck & Co., Inc.,*
    No. 038730, 2004 U.S. Dist LEXIS 29860 (C.D. Cal. 2004).................11, 13

*Bostick v. Flex Equip. Co., Inc.,*
    54 Cal. Rptr. 3d 28 (2007)................................................................12

*Boyd v. Benton County,*
    374 F.3d 773 (9th Cir. 2004)................................................................7

*Cohen v. Office Depot,*
    204 F.3d 1069 (11th Cir. 2000)..........................................................18

*Coleman v. Twin Coast Newspaper Co.,*
    346 P.2d 488 (Cal. Dist. Ct. App. 1959)..........................................18-19

*Dallman Supply Co. v. Sweet,*
    195 P.2d 864 (Cal. Dist. Ct. App. 1948)................................................19

*Daly v. Gen. Motors Cor,*
    575 P.2d 1162 (1978) .......................................................................12

*Davaloo v. State Farm Ins. Co.,*
    135 Cal. App. 4th 409 (2005)..............................................................16

*Doe v. City of Los Angeles,*
    169 P.3d 559 (Cal. 2007)....................................................................16

*Doheny Park Terrace Homeowners Assn. Inc. v. Truck Ins. Exchange,*
    35 Cal. Rptr. 3d 157 (2005)................................................................16

ii

*E.D. v. McKesson Corp.,*
No. 1:13-cv-01699, 2014 WL 202737 (E.D. Cal., Jan. 17, 2014) ................14

*E.D. v. McKesson Corp.,*
No. 1:13-cv-01700, 2014 WL 202738 (E.D. Cal., Jan. 17, 2014) ................14

*Freitas v. McKesson Corp.,*
No. 12-5948, 2013 WL 685200, at *3-4 (N.D. Cal., Feb. 25, 2013) ........6-7, 8

*Gaus v. Miles, Inc.,*
980 F.2d 564 (9th Cir. 1992) ........................................................................4

*Gerber v. Bayer,*
No. 07-05918, 2008 U.S. Dist. LEXIS 12174 (N.D. Cal. 2008) ..................11

*Hamzey v. Bayer Corp.,*
No. 10cv0526 JM CAB, 2010 WL 2011529 (S.D. Cal. May 19, 2010)........13

*Hatherley v. Pfizer, Inc.,*
No. CIV. 2:13-00719, 2013 WL 3354458 (E.D. Cal., July 3, 2013)........13-14

*Holcomb v. Bingham Toyota,*
871 F.2d 109 (9th Cir. 1989) ........................................................................4

*Hunter v. Philip Morris USA,*
582 F.3d 1039 (9th Cir. 2009) ....................................................................14

*HVAC Sales, Inc., v. Zurich Am. Ins. Group,*
No. C-04-03615RMW, 2005 WL 2216950 (N.D. Cal. July 25, 2005) .........18

*In re Abbott Laboratories, Inc.,*
698 F.3d 568 (7th Cir. 2012) ....................................................................7, 8

*In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.,*
624 F. Supp. 2d 396 (E.D. Pa. 2009) ..........................................................13

*In re Norplant Contraceptive Prods. Liab. Litig.,*
976 F. Supp. 559 (E.D. Tex.1997) ..............................................................18

*In re Norplant Contraceptives Prods.,*
168 F.R.D. 579 (E.D. Tex. 1996) ................................................................19

*Joerger v. Pac. Gas & Elec. Co.,*
276 P. 1017 (1929) ......................................................................................18

*Johnson v. Manhattan Ry. Co.,*
289 U.S. 479 (1933) ......................................................................................6

*Johnson v. Standard Brands Paint Co.,*
79 Cal. Rptr. 194 (1969) ..............................................................................12

*K.E.R. v. Pfizer, Inc.,*
No. CIV. S-13-1401, 2013 WL 5755076 (E.D. Cal., Oct. 23, 2013) ...........14

iii

*K.P.P. v. Pfizer, Inc.,*
No. 13-CV-1674, 2013 WL 6047201, at *1 (S.D. Cal., Nov. 12, 2013) .......13

*Kraft v. Smith,*
148 P.2d 23 (Cal. 1944)...............................................................................18

*Levine v. Allmerica Fin. Life Ins. & Annuity Co.,*
41 F. Supp. 2d 1077 (C.D. Cal. 1999).........................................................11

*Lim v. The TV Corp. Int'l,*
99 Cal. App. 4th 684 (2002).........................................................................16

*Lively v. Wild Oats Markets, Inc.,*
456 F.3d 933 (9th Cir. 2006)........................................................................20

*Lowdermilk v. U.S. Bank Nat'l Assoc.,*
479 F.3d 994 (9th Cir. 2007).........................................................................5

*Maher v. Novartis Pharma. Corp.,*
No. 58984, 2007 U.S. Dist. LEXIS 58984 (S.D. Cal. 2007) ..................11, 13

*Mandernach v. Bayer Corp.,*
5:09-cv-02306-JHNOPX, 2010 WL 532537 (C.D. Cal. Feb. 8, 2010) .........13

*McKell v. Washington Mut., Inc.,*
142 Cal. App. 4th 1457 (2006).....................................................................16

*Mohammed v. Watson Pharmaceuticals Inc.,*
2009 WL 857517 (C.D. Cal. Mar. 26, 2009) ................................................20

*Moorhouse v. Bayer Healthcare Pharm. Inc.,*
No. 08-01831 SBA, 2008 WL 2477389 (N.D. Cal. June 18, 2008).............13

*Mutual Pharmaceutical Co. v. Bartlett,*
133 S. Ct. 2466 (2013) ....................................................................2-3, 14-15

*Osborn v. Metro. Life Ins. Co.,*
341 F. Supp. 2d 1123 (E.D. Cal. 2004).......................................................18

*PLIVA, Inc. v. Mensing,*
131 S. Ct. 2567 (2011) ....................................................................2-3, 14-15

*Plute v. Roadway Package Sys., Inc.,*
141 F. Supp. 2d 1005 (N.D. Cal. 2001) ..................................................12, 16

*Pridonoff v. Balokovich,*
228 P.2d 6 (1951) .......................................................................................16

*Rivera v. AstraZeneca Pharm. LP,*
2012 U.S. Dist. LEXIS 78808 (C.D. Cal. June 5, 2012) ..............................11

*Romo v. Teva Pharm. USA, Inc.*
731 F.3d 918 (9th Cir. 2013) ………………………………………………… 5

PLAINTIFFS' MOTION TO REMAND

*Rutherford v. Merck & Co., Inc.,*
    428 F. Supp. 2d 842 (S.D. Ill. 2006) .................................................................. 18

*S.D. v. Amylin Pharms., LLC,*
    No. 13cv1236, 2013 WL 3467442, at *4 (S.D. Cal., July 10, 2013) ............. 14

*Standing v. Watson Pharmaceuticals, Inc.,*
    2009 WL 842211 (C.D. Cal. 2009) ................................................................. 20

*Tapscott v. MS Dealer Serv. Corp.,*
    77 F.3d 1353 (11th Cir. 1996) ....................................................................... 18

*Tanoh v. Dow Chemical Co.,*
    561 F.3d 945 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 187, 175 L. Ed. 2d
    236(2009) ....................................................................................................... passim

*Torres v. Xomox,*
    49 Cal. App. 4th 1 (1996) .............................................................................. 16

*Tosco Corp. v. Cmtys. for a Better Env't.,*
    236 F.3d 495 (9th Cir. 2001) ......................................................................... 20

*Vanegas v. Dole Food Co., Inc.,*
    2009 U.S. Dist. LEXIS 22885 (C.D. Cal. Mar. 9, 2009) ............................... 5

*Wyeth v. Levine,*
    555 U.S. 555 (2009) ...................................................................................... 15

STATUTORY AUTHORITIES

CAFA § 4(a)(11)(B)(i) ......................................................................................... 6

Cal. Civ. Proc. Code § 404 ................................................................................. 8

Cal. Civ. Proc. Code § 404.1 ....................................................................... 1, 3, 9

28 U.S.C. §1332 ............................................................................................... 10

28 U.S.C. §1332(a) ........................................................................................... 20

28 U.S.C. §1332(d)(11)(B)(ii)(IV) ................................................................. 8-9

28 U.S.C. §1441(b)(2) ...................................................................................... 20

28 U.S.C. §1442(b)(2) ................................................................................... 19-20

28 U.S.C. §1447(c) ........................................................................................... 10

Cal. Civ. Proc. Code § 378(a) (West 2011) ..................................................... 18

Cal. Civ. Proc. Code § 598 ................................................................................. 9

Cal. Civ. Proc. Code §1048 ............................................................................... 1

Cal. Civ. Proc. Code §1048(a) ........................................................................... 9

Cal. Civ. Proc. Code § 425.10(a)(1)...................................................................................16

Cal. Rules of Court, Rule 3.543.........................................................................................10

## RULES AND REGULATIONS

Fed. R. Civ. P. 20................................................................................................................19

PLAINTIFFS' MOTION TO REMAND

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On September 26, 2013, an Amended Petition for Coordination was filed with the California Judicial Council under Code of Civil Procedure section 404.1, seeking the coordination, not consolidation, of eight actions involving 21 plaintiffs alleging injuries related to the drug, Lipitor.   Plaintiffs made no reference to Code of Civil Procedure section 1048, which specifically addresses and authorizes joint trials.  Furthermore, multi-plaintiff pharmaceutical cases are rarely, if ever, tried jointly, and instead these types of cases are typically tried individually. Having satisfied the criteria required in section 404.1 for the coordination of actions, the Petition was granted and on December 6, 2013, the Presiding Judge of the Superior Court of California, County of Los Angeles, was authorized to assign the matter to a coordination judge. On January 28, 2014, the Hon. Jane L. Johnson was appointed as the coordination judge overseeing the coordinated Lipitor cases.

On February 27, 2014, Plaintiffs (hereinafter "Plaintiffs") filed this action in the Superior Court of the State of California, County of Los Angeles alleging state causes of action against Defendants Pfizer, Inc. and McKesson Corporation for the injuries sustained after consumption of the prescription drug Lipitor®.  Defendant  Pfizer removed this action by filing a Notice of Removal on March 12, 2014.   Pfizer based its removal on  two grounds: 1) that this case is within the purview of the Class Action Fairness Act and 2) lack of diversity because McKesson was fraudulently joined and certain plaintiffs were misjoined.

### II.    SUMMARY OF THE ARGUMENT

Pfizer improperly removed this case because, contrary to Pfizer's claim, this and the other cases for which coordination is sought do not qualify as a "mass action" under the Class Action Fairness Act of 2005 ("CAFA"). Furthermore,  McKesson, a citizen of California, was not fraudulently joined, and all plaintiffs were properly joined.

1

PLAINTIFFS' MOTION TO REMAND

Under long-standing Ninth Circuit authority, discussed in greater detail below, CAFA's federal jurisdiction provision for "mass actions" is narrowly construed and only applies to such actions proposed to be tried together. *Tanoh v. Dow Chemical Co.,* 561 F.3d 945, 953 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 187, 175 L. Ed. 2d 236 (2009). As noted by the Ninth Circuit, "claims 'consolidated or coordinated solely for pretrial proceedings'" do not qualify as mass actions. *Id.* at 954. Plaintiffs have not and do not propose that this case be tried jointly with any other separate court action. Plaintiffs have only proposed that their cases be consolidated *solely* for pretrial purposes, and Plaintiffs have not, explicitly or implicitly, sought joint trial of these cases. This fact was expressly disclosed by Plaintiffs and recognized by the Honorable Jane L. Johnson during the first status conference hearing held in the coordinated Lipitor cases in California. During that hearing Plaintiffs' counsel explicitly disclosed, and the court confirmed, that this case would be coordinated with the other Lipitor cases for case management and discovery purposes. *See* Hearing Transcript of 2/25/14 at p. 17, lines 13-18, attached as Ex. A to the Decl. of Donald S. Edgar.

Moreover, diversity jurisdiction does not exist as Plaintiffs have successfully demonstrated time and time again, in the same set of circumstances, that McKesson is not fraudulently joined. Plaintiffs have stated viable causes of action under California law against McKesson, as it is alleged McKesson is a distributor, marketer and promoter of Lipitor, and, under California law, may be held liable for injuries caused by the defective products they distribute, market and/or promote. Pfizer also contends that McKesson is fraudulently joined in this action because Plaintiffs' claims against it are preempted under *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), and *Mutual Pharmaceutical Co. v. Bartlett*, 133 S. Ct. 2466 (2013). This argument is wrong. *Mensing* and *Bartlett* deal only with generic manufacturers and are not applicable to the issue of distributor liability. Every California-based federal court to consider this issue has so concluded. McKesson's liability as a distributor, as defined by state law, does not turn on whether it distributed the brand name or a generic product, but on its

decision to distribute a defective product. Neither *Mensing* nor *Bartlett* extend to distributors; therefore, California law regarding distributor liability is not preempted based on those decisions.

Lastly, Pfizer claims the Complaint is inadequately pled under Federal pleading rules**.** This case originated in California State Court, where the pleading rules require only general allegations of ultimate fact.  In this case, Plaintiffs allege that McKesson and the other defendants knowingly or negligently marketed, distributed, and sold Lipitor® without adequate warnings and that McKesson distributed the Lipitor® that caused their injuries.  Plaintiffs have adequately apprised McKesson of the factual basis for their claims: they allege injuries arising from ingestion of Lipitor®, and they specifically allege that McKesson distributed those products.  Pfizer has failed to show that there is no reasonable basis indicating that Plaintiffs' claims against McKesson will not succeed under California law.  Therefore, McKesson cannot be found fraudulently joined.

More importantly, the argument of fraudulent joinder as to McKesson has been repeatedly asserted and repeatedly rejected by Courts, including numerous decisions issued since *Mensing* and *Bartlett* (and including at least three times when the issue was raised by Pfizer through its current counsel).  Most recently, Pfizer made these very same arguments in the Zoloft MDL, which were soundly rejected by Hon. Cynthia Rufe. *See* Memorandum Opinion of 11/14/13, attached as Ex. B to the Decl. of Donald S. Edgar.  Pfizer's attempt to raise this issue yet again is disingenuous and should be denied.

Overall, Pfizer's attempt to remove this action not only lacks merit, but also attacks the integrity and importance of the coordination process in California. Pfizer has taken the language in California Code of Civil Procedure § 404.1 and tried to use that very language to argue that coordinated actions in California can only exist if there are less than 100 plaintiffs in the coordination, when nothing in the code section suggests such a scenario.  Pfizer is also suggesting that an action that in of itself is not a "mass

action" suddenly morphs into a "mass action" simply because it is added into a coordinated proceeding. This attempt to limit the purpose of coordinating actions in California is baseless and should be rejected by this Court.

## III.   ARGUMENT

### A.   THE REMOVAL STATUTE IS TO BE STRICTLY CONSTRUED AGAINST REMOVAL.

This maxim is well known to this Court.  There is a "strong presumption against removal jurisdiction." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). The party seeking removal has the burden of establishing federal jurisdiction. *Holcomb v. Bingham Toyota, 871 F.2d 109, 110* (9th Cir. 1989).  There must be no doubt that federal jurisdiction exists.  If doubt exists, remand is required. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal.") (emphasis added).

### B.   THERE IS NO BASIS FOR REMOVAL OF THIS CASE UNDER CAFA.

#### 1.   CAFA Does Not Preclude Plaintiffs from Coordinating Actions in State Courts.

As the Ninth Circuit has recognized, "Congress enacted CAFA in 2005 to 'assure fair and prompt recoveries for class members with legitimate claims; [to] restore the intent of the framers . . . by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction; and [to] benefit society by encouraging innovation and lowering consumer prices.'" *Tanoh*, 561 F.3d at 952 (citing CAFA § 2, 119 Stat. at 5). Moreover, "[a]s this description of the Act's purposes makes clear CAFA was designed primarily to curb perceived abuses of the class action device, which, in the view of CAFA's proponents, had often been used to litigate multi-state or even national class actions in state courts." *Id.* (emphasis added).

In *Tanoh,* the defendant removed seven state court actions involving over 600 foreign nationals who claimed that they had been injured by exposure to the chemical DBCP while working on banana and pineapple plantations in the Ivory Coast, on the

basis of a claim of diversity jurisdiction and under the "mass action" provisions of CAFA. *Id.* at 945. In each case, there were fewer than 100 plaintiffs named in the complaint. The defendant, Dow Chemical, argued that the seven complaints, taken together, "constituted" a mass action. Dow contended "that allowing plaintiffs to 'evade' CAFA by 'artificially structur[ing]' their lawsuits to avoid removal to federal court would be inconsistent with congressional purpose." The court found Dow's arguments unpersuasive and noted that "Congress appears to have foreseen the situation presented in this case and specifically decided the issue in plaintiffs' favor." *Id.* at 953; *see Vanegas v. Dole Food Co., Inc.*, 2009 U.S. Dist. LEXIS 22885 (C.D. Cal. Mar. 9, 2009), (remanding cases by holding that "nothing in CAFA suggests that the plaintiffs, as the masters of their own complaint, may not file multiple actions each with fewer than 100 plaintiffs.").[1]

Thus, CAFA was not intended to preclude plaintiffs from properly coordinating their actions in state courts. To interpret CAFA in this way is in direct conflict with states' rights to adjudicate the disputes of their citizens, and others who wish to file their cases in California, as they see fit. This interpretation is also in direct opposition to the Constitution's Tenth Amendment and the principles of federalism. In addition, "it is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction." *Lowdermilk v. U.S. Bank Nat'l Assoc.,* 479 F.3d 994, 998-99 (9th Cir. 2007). Plaintiffs should not be punished for working within the confines of CAFA's provisions to keep their claims in state court.

/ / /

/ / /

/ / /

---

[1] Because an *en banc* hearing is pending in *Romo v. Teva Pharm. USA*, *Inc.* 731 F.3d 918 (9th Cir. 2013), which rejected the argument that coordination of actions in California triggers CAFA, that decision cannot be cited.

PLAINTIFFS' MOTION TO REMAND

### 2.   CAFA Requires a "Joint Trial" Proposal for Mass Actions and More Than One Hundred Plaintiffs.

The extension of federal jurisdiction over mass actions is strictly circumscribed by the "joint trial" element. *Tanoh*, 561 F.3d at 953.  A proposal for a joint trial is a request that separate suits be converted into *a single trial. Id*. at 945. The statutory key is whether plaintiffs have proposed to join the claims of 100 or more persons in a "joint" or "mass" or "single" trial that would address the claims of 100 or more persons. This, and only this, is what CAFA's "mass action" removal provision was designed to address.

Moreover, Section 4(a)(11), the CAFA provision extending federal removal jurisdiction to "mass actions," is a narrow exception. "Although CAFA extends federal diversity jurisdiction to both class actions and certain mass actions, *the latter provision is fairly narrow*." *Id*. at 953.  (emphasis added.)  CAFA's "mass action" provision applies only to civil actions in which the "monetary relief claims of 100 or more persons are proposed to be tried jointly." *Id.* Here, it is undisputed that Plaintiffs did not request a joint trial of 100 or more persons and, likewise, do not seek a single trial that would address the claims of that many people.

Moreover, merely seeking coordination of an action is, as a matter of law, insufficient to confer CAFA jurisdiction.  *Id.* at 954. This is true even if the cases have been consolidated by the state court. *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496-97 (1933) (for purposes of the analysis of federal jurisdiction, "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."). Thus, Congress allows certain cases to be outside of CAFA's limited federal jurisdiction, even if plaintiffs had deliberately divided their cases to avoid the mass action threshold.  It is not surprising, then, that California federal courts have consistently rejected attempts by defendants to invoke CAFA-based jurisdiction in contexts identical to this one.  *See, e.g.*, *Freitas v.*

6

PLAINTIFFS' MOTION TO REMAND

*McKesson Corp.*, No. 12-5948, 2013 WL 685200, at *3-4 (N.D. Cal., Feb. 25, 2013) (rejecting McKesson's argument that CAFA jurisdiction is invoked by petition for coordination that merely echoes California state procedural rules for seeking coordination where plaintiffs did not request joint trial of more than 100 plaintiffs' cases); *Posey v. McKesson Corp.*, No. C 12-05939, 2013 WL 361168, at *2-3 (remanding and holding that plaintiffs' request for state court coordination under California state rules, which did not seek "joint trial," did not trigger CAFA jurisdiction).

> **3.    Pfizer's Reliance on Seventh and Eighth Circuit Law Lacks Merit.**

Pfizer bases its removal petition on a Seventh Circuit case, *In re Abbott Laboratories, Inc.*, 698 F.3d 568 (7th Cir. 2012), and an 8th Circuit case, *Atwell v. Boston Scientific Corp.*, 740 F.3d 1160 (8th Cir. 2013). This Court is not bound by authority from other Circuits, where there is binding California and Ninth Circuit authority.  In the Ninth Circuit, the decisions of state courts, other circuits, and district courts are not binding precedent. *See Boyd v. Benton County,* 374 F.3d 773, 781 (9th Cir. 2004). Rather, only those decisions established by the Supreme Court or the Ninth Circuit are binding. *Id.*

The Ninth Circuit explicitly foreclosed the arguments furthered by Pfizer in removal of actions under CAFA in *Tanoh*, 561 F.3d 945. Nonetheless, Pfizer asks this Court to take jurisdiction over this action in clear disregard for the Ninth Circuit's explicit mandate on the issue.  In the face of clear guidance by the Ninth Circuit, neither the Seventh Circuit's decision in *Abbott* (which departed from that Circuit's precedent in *Anderson v. Bayer,* 610 F.3d 390 (7th Cir. 2010) nor the Eighth Circuit's decision in *Atwell* have binding or persuasive authority over this Court.

Moreover, the facts of *Abbott* and *Atwell* are distinguishable from the present case.  As the *Abbott* court noted, in the memorandum in support of their motion for consolidation of their lawsuits, "plaintiffs said they were requesting consolidation of the

7

PLAINTIFFS' MOTION TO REMAND

cases 'through trial' and 'not solely for pretrial proceedings.'" *Abbott*, 698 F.3d at 571. Similarly in *Atwell*, the plaintiffs requested the cases be sent to a single judge and they urged that it be assigned to the judge who would try the case. *Atwell*, 740 F.3d 1160, 1164-65. The decision in *Atwell* also suggests that the cases became removable at the time in which plaintiffs "explicitly disclosed" they were seeking a remedy that affords a basis for federal jurisdiction. *Atwell,* 740 F.3d at 1162. Here, that simply has not happened. At the status conference held on February 25, 2014, Plaintiffs' counsel explicitly disclosed, and the court confirmed, that these cases were coordinated for case management and discovery purposes; no mention was made of any joint trial plan or proposal. *See* Decl. of Donald S. Edgar, Ex. A, p. 17, 13-18. *See also Freitas*, 2013 WL 685200 at *4 (holding that court "is bound by the Ninth Circuit's ruling from *Tanoh*" and rejecting McKesson's request to follow *Abbott* because "*Abbott* is . . . both distinguishable from *Tanoh* and not binding on the Court"); *Posey*, 2013 WL 361168 at *3 (same).

Here, as in *Tanoh*, Plaintiffs in this and other actions simply sought to take advantage of the efficiencies available under California Code of Civil Procedure Section 404, which has long been utilized in California state courts for pretrial coordination in numerous multi-plaintiff pharmaceutical cases, similar to proceedings in a multidistrict litigation (MDL) to prevent duplication of efforts, and to avoid waste of judicial and parties' resources. *Tanoh,* 561 F.3d 945. Plaintiffs' coordination request is insufficient as a matter of law to confer jurisdiction under CAFA's plain language, which prohibits jurisdiction based solely on a request for coordination. *See Posey*, 2013 WL 361168 at *3 ("Defendants seize upon the plaintiffs' use of the phrases 'coordination trial judge,' 'for all purposes,' and 'inconsistent ... judgments' in their petition for coordination, characterizing it as evidence that plaintiffs proposed a removable class action by implicitly requesting a joint trial of the claims of over 100 persons. This contention is unpersuasive. CAFA specifies that claims 'consolidated or coordinated solely for pretrial proceedings' do not qualify as 'mass actions.'" 28 U.S.C. §

PLAINTIFFS' MOTION TO REMAND

1332(d)(11)(B)(ii)(IV).").

Defendants' removal notice attempts to concoct an unwarranted construction of Plaintiffs' request for coordination of multiple separate actions, filed by separate lawyers against various manufacturers, as somehow seeking a joint trial of all of the actions. This is simply not so. A reading of the Coordination Motion reflects that nowhere in the motion do the Plaintiffs request that all of the separate lawsuits against all Defendants be tried jointly. *See* Amended Petition for Coordination, Memorandum of Points and Authorities in Support of Petition for Coordination, attached as Ex. C to the Decl. of Donald S. Edgar. Had Plaintiffs sought joint trials in these actions, they would have requested them pursuant to Code of Civil Procedure Section 1048(a), which specifically addresses and authorizes joint trials. *See also* Code of Civil Procedure Section 598. No such request has ever been made; nor could such a request be reasonably inferred from the Coordination Motion, which merely stated, correctly, that coordination is appropriate under the requirements set forth in Code of Civil Procedure Section 404.1. Because Plaintiffs quoted the full text of Code of Civil Procedure Section 404.1, Pfizer claims that this somehow means Plaintiffs requested a joint trial. Under Pfizer's reasoning, there could never be a non-removable coordinated action where there are 100 or more plaintiffs, because any citation to this Section would automatically equate to a proposal for a joint trial within the meaning of CAFA. Such a construction of CAFA would effectively gut California's coordination statutes, as it would lead parties to avoid taking advantage of the statutes' obvious efficiencies for litigants and the California courts, and instead keep their cases scattered across numerous California state courts. This would be an absurd result and should be rejected by this Court, particularly since the California procedural rules reflect that a request for the formation of a JCCP does not equate to a request for a joint trial.

Plaintiffs in this action have done nothing more than ask that their cases be added to an existing JCCP, and have made clear that they have only sought that their cases be coordinated for discovery. As Judge Johnson explained in response to Defense

9

PLAINTIFFS' MOTION TO REMAND

counsel's questions, the cases pending in the JCCP, including this case, may be remanded to the California state courts in which Plaintiffs filed them at the conclusion of discovery in the JCCP. *See* Decl. of Donald S. Edgar, Ex. A, p.17, lns. 13-18; *see also* Cal. Rules of Court, Rule 3.543.

Accordingly, for all these reasons, this Court does not have CAFA jurisdiction in this case and, therefore, should remand this case to California state court.

## C.   DIVERSITY JURISDICTION DOES NOT EXIST IN THIS CASE.

### 1.   <u>Pfizer bears a heavy burden to establish fraudulent joinder, which it fails to meet.</u>

Pfizer claims that McKesson was fraudulently joined, a position that is unsupported by any California case law. Federal diversity jurisdiction requires all parties be "citizens of different states" or "citizens or subjects of a foreign state." 28 U.S.C. § 1332. Section 1447(c) governs the procedure after removal, and requires remand of any action where the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Specifically, section 1447(c) states: "If *at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." *Id.* (emphasis added). ). Pfizer removed this action based on diversity jurisdiction. Although Pfizer concedes in its Notice of Removal that McKesson and at least some of the Plaintiffs are California citizens, while alleging that Pfizer is a citizen of Delaware and New York (*see Notice of Removal* at ¶¶ 28, 29, 31-36, 71-73), Pfizer claims removal of this case is proper because McKesson was "fraudulently joined" and its citizenship may be disregarded to find complete diversity exists.   Pfizer is wrong.

Pfizer bears a heavy burden to establish that McKesson was fraudulently joined. Pfizer tries to meet this burden by arguing that Plaintiffs' claims against McKesson fail as a matter of law because (1) all claims against McKesson are purportedly preempted by federal law, and (2) Plaintiffs fail to assert sufficient facts about McKesson's role in the FAC under federal pleading standards.   Both of these arguments fail because Plaintiffs adequately alleged viable causes of action under California law against a

10

legitimate local defendant, McKesson, which was integrally involved in the marketing and distribution of Lipitor®.  Remand is required because McKesson is a viable local defendant and Pfizer failed to meet the heavy burden necessary to justify removal based on allegations of fraudulent joinder.

California federal district courts have repeatedly recognized that "remand must be granted unless the defendant can show that there is *no possibility* that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Gerber v. Bayer*, No. 07-05918, 2008 U.S. Dist. LEXIS 12174 (N.D. Cal. 2008) (holding that McKesson was not fraudulently joined and remanding case) (emphasis added); *see also Levine v. Allmerica Fin. Life Ins. & Annuity Co*., 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999); *Black v. Merck*, No. 038730, 2004 U.S. Dist LEXIS 29860, at *6 (holding that McKesson was not fraudulently joined and remanding case); *Maher v. Novartis*, No. 58984, 2007 U.S. Dist. LEXIS 58984, at *7-8 (holding that McKesson was not fraudulently joined and remanding case).

More importantly, the Honorable Judge Cynthia Rufe explained in her recent remand opinion in MDL No. 2342: *In Re Zoloft Products Liability Litigation* (issued November 14, 2013), that even though Plaintiffs may have a difficult time proving claims against the defendants under California state law, that does not mean the defendant was fraudulently joined. *See* Decl. of Donald S. Edgar, Ex. B, p. 5. This decision is particularly useful here, in that the remand order involved the same defendant, Pfizer, who was making the same arguments regarding McKesson.

Remand is appropriate even if there is a chance that the allegations may come to nothing. *See, e.g.*, *Rivera v. AstraZeneca Pharm. LP*, 2012 U.S. Dist. LEXIS 78808 (C.D. Cal. June 5, 2012) (granting remand because, even if "such claims [against McKesson] were later found to fail as a matter of law, that failure would not … be so ''obvious' as to support a finding that the Defendant against which they are brought was fraudulently joined."); *see also Bartal v. Astrazeneca Pharms. LP*, 2012 U.S. Dist. LEXIS 109215, *4-5 (N.D. Cal. August 3, 2012) (granting remand because it was not

"obvious" that plaintiffs could not recover against McKesson because plaintiffs alleged McKesson distributed the drug at issue to them, that McKesson is "the largest pharmaceutical distributor in North America, distributing one-third of the medications used daily in North America," and that McKesson is "fully injected into the marketing, distributing, testing, and patient-contacting aspects of the pharmaceutical world.")

All doubts, all disputed questions of fact, and all ambiguities in the controlling state law must be resolved in favor of the non-removing party. *See Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005 (N.D. Cal. 2001). McKesson was integrally involved in marketing, promoting, distributing, advertising, and merchandising Lipitor® nationally, and specifically in the State of California. Just as the defendants in the cases cited above were unable to meet their heavy burden required for removal based on fraudulent joinder, Pfizer has failed to meet its heavy burden to demonstrate that Plaintiffs have *no possible* claim against McKesson.

### 2. Plaintiffs' Claims Against McKesson Are Not Preempted.

For this case to remain in this Court, Defendants must establish that there is no possibility that Plaintiffs can establish a colorable cause of action against McKesson under California law. But California law recognizes distributor liability, including in pharmaceutical cases, as California courts have long held that distributors may be held liable for injuries caused by the defective products they distribute and market. *See Johnson v. Standard Brands Paint Co.*, 79 Cal. Rptr. 194 (1969) ("[Strict] [l]iability extends to retailers and wholesalers as well as manufacturers."); *Anderson v. Owens-Corning Fiberglass Corp.*, 810 P.2d 549 (1991) ("In *Vandermark v. Ford Motor Co.* (1964) 61 Cal. 2d 256 [37 Cal. Rptr. 896, 391 P.2d 168], we extended the [strict liability] doctrine to distributors of defective products."); *Bostick v. Flex Equip. Co.*, Inc., 54 Cal. Rptr. 3d 28 (2007) (holding that the doctrine of products liability imposes liability in tort on all of the participants in the chain of distribution of a defective product)); *Daly v. Gen. Motors Corp.*, 575 P.2d 1162 (1978). In fact, in the context of motions to remand and fraudulent joinder, prescription drug distributors are not

fraudulently joined, and thus, their presence defeats diversity.  Many of the cases on this very issue have involved McKesson, the distributor Defendant now claims has been fraudulently joined, and with facts very similar to those in the present case.  *See, e.g.*, *Maher v. Novartis Pharma. Corp.*, No. 58984, 2007 U.S. Dist. LEXIS 58984, at \*10-11 (S.D. Cal. 2007) (citing numerous California District Court cases and remanding a pharmaceutical products liability case in which McKesson was a defendant); *see also Black v. Merck & Co., Inc.*, No. 038730, 2004 U.S. Dist LEXIS 29860, at \*10 (C.D. Cal. 2004) (holding that strict liability for failure to warn extends beyond manufacturers to retailers and wholesalers, including McKesson, and remanding the case); *Moorhouse v. Bayer Healthcare Pharm. Inc.*, No. 08-01831 SBA, 2008 WL 2477389 (N.D. Cal. June 18, 2008);  *Hamzey v. Bayer Corp.*, No. 10cv0526 JM CAB, 2010 WL 2011529, at \*4 (S.D. Cal. May 19, 2010); *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 624 F. Supp. 2d 396 (E.D. Pa. 2009); *Mandernach v. Bayer Corp.*, 5:09-cv-02306-JHNOPX,  2010 WL 532537, at \*4 (C.D. Cal. Feb. 8, 2010).

Nothing in the *Mensing* or *Bartlett* decisions affects this long-standing California state law.  Nor has any court ever found that *Mensing*/*Bartlett*-type preemption applies to the California consumer protection statutes raised in the instant case in such a way that McKesson would be fraudulently joined.  To the contrary, courts in California have consistently rejected that claim, including in several cases where Pfizer, through its current counsel, has raised it in resisting remand motions.  *See Hatherley v. Pfizer, Inc.*, No. CIV. 2:13-00719, 2013 WL 3354458, at \*5-6 (E.D. Cal., July 3, 2013) (holding that even if court considers preemption issue, Pfizer "would not meet [its] burden of showing that McKesson is a fraudulent defendant" as "[b]oth *Mensing* and *Bartlett* dealt with manufacturers of generic drugs, not distributors," and no court has extended those decisions to hold that "state-law claims against brand-name drug distributors are . . . preempted"); *K.P.P. v. Pfizer, Inc.*, No. 13-CV-1674, 2013 WL 6047201, at \*1 (S.D. Cal., Nov. 12, 2013) (rejecting Pfizer's fraudulent-joinder-of-McKesson-because-of-preemption argument and stating that "[t]he Court follows the thoughtful and thorough

13

PLAINTIFFS' MOTION TO REMAND

analysis in *Hatherley*"); *K.E.R. v. Pfizer, Inc.*, No. CIV. S-13-1401, 2013 WL 5755076, at *1 (E.D. Cal., Oct. 23, 2013) (remanding and stating that "the court follows *Hatherley*, . . . in which Judge Shubb, after a thorough analysis, concluded that plaintiffs had sufficiently alleged a cause of action against McKesson Corporation for strict liability under a 'failure to warn' theory, thereby destroying complete diversity and divesting the federal courts of diversity jurisdiction"); *A.S. v. Pfizer, Inc.*, No. 1:13-cv-00524, 2013 WL 2384320, at *9 and n.6 (E.D. Cal., May 30, 2013) (rejecting Pfizer's claim that McKesson is fraudulently joined because of federal law preemption, as that would entail extending *Mensing* to distributors which no California court has done).[2]

Even if this Court were persuaded that Mensing preemption should be extended to distributors, this is not the correct context for such a determination. Preemption is a federal defense that goes to the merits of a claim. As such, it does not support a finding of fraudulent joinder. *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1045 (9th Cir. 2009) (preemption defense "requires an inquiry into the merits of the plaintiff's claims against all defendants and an analysis of federal law," and a defendant who argues preemption does not "overcome the strong presumption against removal jurisdiction" (internal quotation marks omitted)); see also *A.S. v. Pfizer,* 2013 WL 2384320, at *9 (citing Hunter and concluding that "it is inappropriate to determine whether Plaintiff's claims against McKesson are preempted by federal law" in deciding whether to

---

[2] *See also E.D. v. McKesson Corp.*, No. 1:13-cv-01699, 2014 WL 202737, at *9-10 (E.D. Cal., Jan. 17, 2014) (remanding and rejecting GSK's argument that plaintiffs assert no valid claims against McKesson because of *Bartlett* and *Mensing* for same reasons given in *Hatherley*); *E.D. v. McKesson Corp.*, No. 1:13-cv-01700, 2014 WL 202738, at *9 (E.D. Cal., Jan. 17, 2014) (same); *S.D. v. Amylin Pharms., LLC*, No. 13cv1236, 2013 WL 3467442, at *4 (S.D. Cal., July 10, 2013) ("Although Amylin makes a valiant effort to argue that each of Plaintiff's 'failure to warn' claims against McKesson are preempted under federal law, *Mensing* and *Bartlett* do not necessitate that conclusion.")

14

PLAINTIFFS' MOTION TO REMAND

remand); *J.F. v. McKesson*, 2014 WL 202737, at \*10 (same); *D.A. v. McKesson*, 2014 WL 202738, at \*10 (same).

Moreover, Plaintiffs here ingested *brand name* Lipitor® products distributed and marketed by McKesson, and their claims are therefore governed by the Supreme Court's ruling in *Wyeth v. Levine,* 555 U.S. 555 (2009).  In *Wyeth v. Levine*, the Court held that a plaintiff's claims concerning brand name prescription drugs were not preempted. *Id.* Plaintiffs' claims against McKesson involving the ingestion of brand name drugs do not implicate the issue of "generic preemption."  Here, McKesson is subject to liability under the requirements set forth by the Supreme Court governing brand name prescription drugs, as opposed to generic prescription drugs under *Mensing*.

Accordingly, Pfizer's contention that McKesson is fraudulently joined in this action because Plaintiffs' claims against it are preempted under *Mensing* and *Bartlett* is misplaced.  In fact, these cases are completely inapposite and have no applicability to the issue of distributor liability.   Neither *Mensing*/*Bartlett* nor the Drug Price Competition and Patent Term Restoration Act (also known as Hatch-Waxman), which amended the federal Food, Drug, and Cosmetic Act, addresses distributor liability, and Pfizer's attempt to broaden the scope of these decisions is without merit. Moreover, Plaintiffs assert claims against McKesson sounding in strict products liability and negligence, thus falling outside the *Mensing* "failure-to-warn" purview.  McKesson's liability as a distributor, as defined by state law, does not turn on whether it distributed the brand name or a generic product, but on its decision to distribute a defective product. Neither *Mensing* nor *Bartlett* extends to distributors; therefore, California law regarding distributor liability is not preempted based on either decision.

### 3. <u>Plaintiffs Have Pled Sufficient Facts to Support Their Claims Against McKesson.</u>

Plaintiffs have sufficiently pled a cause of action against McKesson for purposes of a fraudulent joinder analysis. California pleadings standards are less stringent than those imposed by federal courts, and for Pfizer to urge this Court to apply a more

15

rigorous standard than that required under California law is without merit. *See Doe v. City of Los Angeles,* 169 P.3d 559, 570 (2007) (citing *Doheny Park Terrace Homeowners Assn. Inc. v. Truck Ins. Exchange,* 35 Cal. Rptr. 3d 157, 174 (2005)). Plaintiffs "may allege on information and belief any matters that are not within [their] personal knowledge, if [they have] information leading [them] to believe that the allegations are true." *Doe,* 169 P.2d at 570 (citing *Pridonoff* v. *Balokovich*, 228 P.2d 6 (1951).

Under California state law, a complaint must contain "[a] statement of the facts constituting the cause of action, in ordinary and concise language." Cal. Code Civ. Pro. § 425.10(a)(1). This requires "only general allegations of ultimate fact. The plaintiff need not plead evidentiary facts supporting the allegation of ultimate fact. A pleading is adequate if it apprises the defendant of the factual basis for the plaintiff's claim." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1469-1470 (2006) (internal citations omitted).[3] Allegations may be made on information and belief if the plaintiff "has information leading him to believe that the allegations are true." *Doe v. City of Los Angeles*, 169 P.3d 559, 570 (Cal. 2007) (internal quotation marks omitted).

In California, in order to allege a viable claim for strict liability for failure to warn, a plaintiff must simply establish that the defendant's "failure to warn was a legal cause of the injury." *Marble, supra,* 2012 U.S. Dist. LEXIS 83520 (remanding a products liability case involving McKesson and citing *Torres v. Xomox*, 49 Cal. App. 4th 1, 15 (1996). Additionally, any uncertainty resulting from "inartful, ambiguous or technically defective pleading must be resolved in favor of remand, and lack of clear precedent does not render the joinder fraudulent." *Plute v. Roadway Package System, Inc.,* 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

---

[3] *See also Davaloo v. State Farm Ins. Co*., 135 Cal. App. 4th 409, 415 (2005); *Lim v. The TV Corp. Int'l*, 99 Cal. App. 4th 684, 689-690 (2002).

PLAINTIFFS' MOTION TO REMAND

Here, Plaintiffs' Complaint provides more than sufficient "general allegations of ultimate fact" to allege McKesson's involvement in Plaintiffs' injuries. Plaintiffs allege that McKesson distributed the Lipitor they ingested and that they were injured as a result of that ingestion. (*See Complaint* ¶¶ 1-54, 67). Plaintiffs assert that "Defendants did act together to design, sell, advertise, manufacture, and/or distribute Lipitor®, with full knowledge of its dangerous and defective nature. (*Id.* at ¶62.)  Plaintiffs allege "McKesson Corporation touts itself as, among other things: (1) the largest pharmaceutical distributor in North America distributing one-third of the medications used daily in North America, (2) the nation's leading health care information technology company, and (3) a provider of ''decision support' software to help physicians determine the best possible clinical diagnosis and treatment plans for patients." (*Id* at ¶57.) Plaintiffs also sufficiently allege that defendants, including McKesson, knew or should have known that Lipitor® was hazardous to human health. (*Id.* at ¶ 74.)

Pfizer's assertions regarding the sufficiency of Plaintiffs' claims against McKesson would fail even if one assumed, *arguendo*, that they were required to satisfy a more stringent, Rule 12(b)(6)-like standard.  Pfizer alleges that Plaintiffs have no evidence to support their claims against McKesson. This is simply false. In their Complaint, Plaintiffs have premised their allegations against McKesson on "information and belief" because notwithstanding tangible information showing that the drug consumed by them was distributed by McKesson, that information was obtained from secondary, albeit reliable, sources such as McKesson's own website. Without any evidence to support its allegations, Pfizer urges the Court to see claims based on "information and belief" as not valid under California pleading standards. Pfizer's implied suggestion that Plaintiffs' representations to the Court were devoid of any factual basis is meritless and misleading.

Plaintiffs have alleged that McKesson distributed the Lipitor® in question.  They have provided sufficient factual foundation for possible recovery against McKesson

under California law. Therefore, Pfizer fails to meet its heavy burden in proving that Plaintiffs could not have any colorable claims against McKesson under California law.

### 4. Plaintiffs' Claims Are Not Fraudulently Misjoined

Pfizer attempts to persuade the Court to adopt the fraudulent misjoinder doctrine, a doctrine that has been explicitly rejected by the courts in California. *See e.g., Osborn v. Metro. Life Ins. Co.,* 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004); *Aaron v. Merck & Co., Inc.,* No. CV 05-4073-JFW (MANx), 2005 WL 5792361, *3, 2005 U.S. Dist. LEXIS 40745, at *9 (C.D. Cal. July 26, 2005); *HVAC Sales, Inc., v. Zurich Am. Ins. Group*, No. C-04-03615RMW, 2005 WL 2216950, at *4 (N.D. Cal. July 25, 2005).

To support this position, Pfizer urges this Court to adopt the reasoning laid out by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds; Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). However, the majority of courts addressing the issue have rejected fraudulent misjoinder, finding it an improper expansion of the scope of federal diversity jurisdiction by the federal courts. *See e.g., In re Norplant Contraceptive Prods. Liab. Litig.,* 976 F. Supp. 559, 561 (E.D. Tex.1997); *Rutherford v. Merck & Co., Inc.*, 428 F. Supp. 2d 842, 852 (S.D. Ill. 2006).

Moreover, the *Tapscott* court held that the conduct of a plaintiff in joining defendants should rise to the level of egregiousness before the court could find fraudulent misjoinder. *Tapscott,* 77 F.3d at 1360 ("We do not hold that mere misjoinder is fraudulent joinder, but we do agree . . . that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder.")

The California Civil Procedure Code allows joinder of plaintiffs if the claim is alleged jointly, arises from a common transaction or series of transactions, or if the claim or interest in the action is adverse to the defendant. Cal. Civ. Proc. Code § 378(a) (West 2011). The California Supreme Court has held that these provisions are to be construed liberally. *See Joerger v. Pac. Gas & Elec. Co.*, 276 P. 1017, 1023 (1929); *Kraft v. Smith*, 148 P.2d 23, 25-26 (Cal. 1944); *Coleman v. Twin Coast Newspaper Co.*,

18

346 P.2d 488, 490 (Cal. Dist. Ct. App. 1959); *Dallman Supply Co. v. Sweet*, 195 P.2d 864, 866 (Cal. Dist. Ct. App. 1948). In *Dallman*, the court pointed out that joinder should be permitted "whenever possible…to simplify the pleadings and conduct of actions, and as far as practicable to permit settlement of all matters of controversy between parties in one action." 195 P.2d at 784.

There are many examples of similar cases in which plaintiffs from several states have joined California plaintiffs in their complaints against pharmaceutical manufacturers filed in California courts. None of those courts has ever found joinder of non-California residents improper. Moreover, as noted earlier, by invoking the CAFA removal jurisdiction, Pfizer has impliedly admitted that Plaintiffs' cases share common questions of law and fact which renders their joinder in a "mass action" under CAFA proper. Pfizer cannot have it both ways, on one hand arguing that Plaintiffs' cases must be considered a mass action, with all its pre-requisites under CAFA, and on the other hand claiming that the claims of the same Plaintiffs are fraudulently misjoined.

Performing the analysis under Rule 20 of the Federal Rules of Civil Procedure would still show that Plaintiffs have been properly joined. "Permissive joinder is but one example in the Federal Rules of Civil Procedure reflecting that, under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties, and *the joinder of claims, parties and remedies is strongly encouraged.*" *In re Norplant Contraceptives Prods.*, 168 F.R.D. 579, 581 (E.D. Tex. 1996) (emphasis added). The purpose of joinder under Rule 20 is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Id.*; s*ee also Bailey v. Northern Trust Co.*, 196 F.R.D. 513 (N.D. Ill. 2000).

### 5. <u>The Forum Defendant Rule Precludes Removal of this Case.</u>

Removal of this action was improper because the case involves a defendant that is a California citizen. 28 U.S.C. § 1442(b)(2), known as the "forum defendant rule," precludes removal in cases involving an in-state defendant regardless of whether

19

diversity jurisdiction otherwise exists. According to § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Thus the forum defendant rule precludes removal based on diversity where a defendant is a citizen of the forum state-the state in which the plaintiff originally filed the case. The rationale for the forum defendant rule is simple. The purpose of federal diversity jurisdiction is to protect out-of-state defendants from local bias in favor of the in-state plaintiff. *See Tosco Corp. v. Cmtys. for a Better Env't.*, 236 F.3d 495, 502 (9th Cir. 2001) ("The purpose of diversity jurisdiction is to provide a federal forum for out-of-state litigants where they are free from prejudice in favor of a local litigant.") As the Ninth Circuit has recognized, the concern for a state tribunal's bias is absent when at least one of the defendants is a forum defendant. "The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought. Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court." *Lively v. Wild Oats Markets, Inc.,* 456 F.3d 933, 940 (9th Cir. 2006).

In the present case, McKesson, a California corporation, is a named Defendant. District courts within this Circuit have routinely remanded cases involving forum defendants, even in cases where defendants have attempted to remove cases before the forum defendant has been served. *See e.g., Mohammed v. Watson Pharmaceuticals Inc.*, 2009 WL 857517 (C.D. Cal. Mar. 26, 2009); *Standing v. Watson Pharmaceuticals, Inc.*, 2009 WL 842211 (C.D. Cal. 2009). McKesson has been properly joined and served. Accordingly, Pfizer is precluded by the forum defendant rule from removal of this case.

/ / /

/ / /

/ / /

/ / /

20

PLAINTIFFS' MOTION TO REMAND

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court to grant Plaintiffs' Motion to Remand.

DATED:  March 24, 2014                    Respectfully submitted,

**EDGAR LAW FIRM**

By:  s/ Donald S. Edgar
      Donald S. Edgar
      Rex Grady
      408 College Avenue
      Santa Rosa, CA  95401
      Tel: (707) 545-3200 / Fax: (707) 578-3040
      don@classattorneys.com
      jrg@classattorneys.com

      *Attorneys for Plaintiffs*

## PROOF OF SERVICE

I certify that on March 24, 2014, the foregoing was served on all parties to the above-captioned action through CM/ECF filing or by email upon consent.

By:   s/ Donald S. Edgar
      Donald S. Edgar